IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JANIE C.M. THOMPSON                                                PLAINTIFF

V.                                  NO. 12-3015

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Janie C.M. Thompson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on May 28, 2010, alleging an inability to work since October 29, 2008, due to clogged arteries, stents, heart problem, high blood pressure, and diabetes. (Tr. 139-140, 146-149, 190, 194). An administrative hearing was held on March 9, 2011, at which Plaintiff appeared with counsel and Plaintiff, her daughter, and a friend testified. (Tr. 37-77).

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

-1-

By written decision dated September 7, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - peripheral vascular disease status post stenting, diabetes mellitus, obesity, and osteoarthritis of the hips and lumbar spine. (Tr. 16).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can sit for 6 hours total and stand and/or walk for 2 hours total in an eight-hour workday; the claimant can only occasionally climb, balance, stoop, kneel, crouch, and crawl; and the claimant must avoid even moderate exposure to hazards.

(Tr. 17).  With the help of the vocational expert (VE), the ALJ determined that Plaintiff could perform her past relevant work as a wire worker. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on December 21, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled

-3-

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC).  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.  Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ failed to follow the "Treating Physician's" Rule; and 2) The ALJ's decision is not supported by substantial evidence. (Doc. 8).

### A.    Weight to be given Treating Physician's Opinion:

"A treating source's opinion is to be given controlling weight where it is supported by acceptable clinical and laboratory diagnostic techniques and where it is not inconsistent with other substantial evidence in the record." Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir.2003), paraphrasing 20 C.F.R. § 404.1527(d)(2). When a treating source's opinion is not controlling, it is weighed by the same factors as any other medical opinion: the examining relationship, the treatment relationship, supporting explanations, consistency, specialization, and other factors. See 20 C.F.R. § 404.1527(d).

In this case, Plaintiff's treating physician, Dr. Robert C. Ahrens, M.D., completed a Medical Source Statement on November 29, 2010. (Tr. 468)  Dr. Ahren opined, inter alia, that Plaintiff was not capable of handling a job in a competitive work situation, and that she would be absent "several" days per month as a result of her impairments or treatment.  (Tr. 468).  In his decision, the ALJ addressed Dr. Ahrens' opinion as follows:

-4-

> As for the opinion evidence, the opinions regarding the claimant's residual functional capacity provided by Robert C. Ahrens, M.D., are afforded no weight as they are not supported by the objective medical evidence of record or even Dr. Ahrens' own treatment notes. (Exhibit 10F). The State agency medical consultants' physical assessments are afforded little weight because evidence received at the hearing level shows that the claimant is more limited than determined by the State agency consultants. (Exhibits 6F & 8F). The opinion provided by Robert E. Casali is afforded significant weight as it is based upon objective medical evidence. (Exhibit 13F). Finally, the opinion of Shannon H. Brownfield is afforded some, but not substantial, weight, as Dr. Brownfield did not have the benefit of a longitudinal treatment history with the claimant from which to formulate the opinion. (Exhibit 12F).

(Tr. 21). As noted by Defendant, other than Plaintiff's visit to the Ahrens Clinic in August of 2006, the medical evidence of record provided adequate evidence for the ALJ to properly evaluate Dr. Ahrens' opinion, in light of the fact that Dr. Ahrens only saw Plaintiff on a couple of occasions and did not perform clinical examinations. (Tr. 21, 470-471).

In addition, although Dr. Shannon H. Brownfield opined that Plaintiff would have severe to moderate limitations with prolonged standing and walking, and moderate limitations with prolonged sitting/stooping, bending, and lifting (Tr. 478), the ALJ's RFC took this into consideration in his RFC, since he required Plaintiff to sit for 6 hours total and stand and/or walk for 2 hours total in an eight-hour workday, rather than standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday, as normally required in positions involving light work.  See SSR 83-10.

Based upon the foregoing, as well as for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's findings as to the weight given to Dr. Ahrens' opinion.

AO72A
(Rev. 8/82)

**B.     Substantial Evidence to Support the ALJ's decision:**

In support of this argument, Plaintiff simply delineates general principles relating to substantial evidence, and then stated that "a decision such as this one that ignores clear evidence that this lady is not nearly as capable as the ALJ believes and only creates out of thin air reasons for ignoring the assessment's of a physician whose conclusions are favorable to the claimant is not supported by substantial evidence." (Doc. 8 at p. 9).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, the ALJ clearly considered all of the medical records, observations of treating physicians and others, as well as Plaintiff's own description of her limitations. In fact, the ALJ noted that Plaintiff worked after the alleged disability onset date on a part-time basis for Care Free Living as a personal care taker, and quit because she was not getting enough hours, and

-6-

worked after the onset date at Tyson's chicken plant for three weeks. (Tr. 15). The ALJ carefully considered all of the Plaintiff's medical records regarding her peripheral vascular disease, her surgeries, and her daily activities. (Tr. 17-19). The ALJ also addressed Plaintiff's credibility, noting some of the inconsistencies in her reports regarding her ability to walk, stand, and sit. (Tr. 20).

Based upon the foregoing, as well as for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's decision.

IV.    **Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 17th day of September, 2013.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)